

# THE ATTORNEY GENERAL
## OF TEXAS
### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

September 12, 1962

This Opinion
Overrules Opinion
# 6-238 _____

This Opinion
Affirms Opinion
# WW-1023

Mr. Dan Brazil
County Attorney
Angelina County
Lufkin, Texas

Opinion No. WW-1437

Re: Whether the provisions
of Article 604 of the
Penal Code can be applied
to the offense of wife,
or of child, or of wife
and desertion in the
County Court.

Dear Mr. Brazil:

You have asked this office an opinion on the following question:

"Can the provisions of Article 604 of the Penal Code be applied to the crime of wife, or of child, or of wife and child desertion, in County Court? In other words, would the County Judge have the authority to apply the provisions of such article to such a criminal case pending in the County Court?"

Article 602 of the Penal Code provides as follows:

"Any husband who shall wilfully desert, neglect or refuse to provide for the support and maintenance of his wife who may be in necessitous circumstances, or any parent who shall wilfully desert, neglect or refuse to provide for the support and maintenance of his or her child or children under eighteen years of age, shall be guilty of a misdemeanor, and upon conviction, shall be punished by confinement in the County Jail for not more than two years." As amended Acts 1959, 56th Leg., p. 504, ch.222, § 1.

Article 604 provides:

"The Court during its term, or Judge thereof in vacation after the filing of complaint against or after the return of indictment of any person for the crime of wife, or of child, or of wife and child desertion shall upon application of the complainant give notice to the defendant of such application and

may upon hearing thereof enter such temporary orders as may seem just, providing for the support of deserted wives and children or both, pendente lite, and may punish for the violation or refusal to obey such order as for contempt." Acts 1913, p. 188; Acts 1931, 42nd Leg., p. 58, ch. 38, § 1.

This office has held that the County Court does not have jurisdiction to enter an order for support, pendente lite, after the filing of a complaint against the defendant for the crime of child desertion when the complainant and defendant are divorced in a Texas District Court and that Court has entered an order for support, and that any order entered by a County Court under such circumstances are not valid. Attorney General's Opinion No. WW-1023, March 8, 1961, a copy of which is attached hereto. We hereby affirm that holding.

In those cases where no support order has been entered by a District Court pursuant to a divorce proceeding, Article 604 applies. We therefore answer your question in the affirmative. The County Judge does have authority under Article 604 to enter the order therein provided, except where jurisdiction to enter such an order has been acquired by the District Court because of the entry of a support order in a divorce proceeding. Insofar as Attorney General's Opinion No. O-238 is inconsistent with this holding, we overrule that opinion.

S U M M A R Y

Under Article 604, Vernon's Penal Code, the County Judge has authority to enter temporary orders providing for the support of deserted wives and children, or both, pendente lite, except where jurisdiction to enter such orders has, because of a support order in a divorce decree, been acquired by the District Court.

Very truly yours,

WILL WILSON
Attorney General

By: Norman V. Suarez
Norman V. Suarez
Assistant Attorney General

NVS:sm

APPROVED:

OPINION COMMITTEE
W. V. Geppert, Chairman
L. P. Lollar
Joe Osborn
James Broadhurst

REVIEWED FOR THE ATTORNEY GENERAL
By Leonard Passmore